UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINICK MARCHETTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4743** |
| **THE TRAVELERS CASUALTY COMPANY** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before the Court is Defendant The Travelers Casualty Company's ("Travelers") "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and/or Rule 12(b)(7) Motion to Dismiss for Nonjoinder of an Indispensable Party."[1] Travelers argues that it should be dismissed as a Defendant in this case because it did not insure Plaintiff Dominick Marchetti ("Plaintiff").[2] Travelers also argues in the alternative that Plaintiff's Complaint should be dismissed because Plaintiff failed to join an indispensable party, Virginia Marchetti, in this matter.[3] Plaintiff does not oppose the motion.[4] Having considered the motion, the record, and the applicable law, the Court grants Traveler's "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim" and finds Travelers' "Rule 12(b)(7) Motion to Dismiss for Nonjoinder of an Indispensable Party" moot.

This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021.[5]

---

[1] Rec. Doc. 8.

[2] *Id.* at 1.

[3] *Id.*

[4] Travelers filed the motion on November 27, 2023, and Travelers set the motion for submission on December 13, 2023. Pursuant to Local Rule 7.5, any opposition to the motion was due on December 5, 2023.

[5] Rec. Doc. 1 at 3–4.

1

Plaintiff filed a Complaint in this Court on August 28, 2023 against Travelers to recover damages related to his property at 1300 Severn Avenue, Metairie, LA 70001 ("Property").[6] In the Complaint, Plaintiff alleges that the Property sustained damages as a result of Hurricane Ida.[7] Plaintiff further alleges that he contracted with Travelers to insure the Property and that the Property is therefore covered under a policy ("Policy") issued by Travelers.[8] Plaintiff asserts a breach of contract claim and claims for violations of Louisiana Revised Statute § 22:1892 and Louisiana Revised Statute § 22:1973 as a result of Travelers' alleged failure to timely pay insurance proceeds due under the Policy.[9]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[10] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[12] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[13] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause

---

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.* at 2.

[9] *Id.* at 6–7.

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). (internal quotation marks omitted).

[13] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

of action.[14] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[15] Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[16] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[17] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[18] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[19]

The Court finds that Plaintiff fails to state a claim against Travelers as the Policy for the Property names The Standard Fire Insurance Company as the insurer.[20] The Policy does not name Travelers as an insurer.[21] In addition, Plaintiff did not file a response opposing the instant motion or raise any argument as to why Travelers should not be dismissed. Therefore, Travelers must be dismissed as a Defendant.

The Court need not reach Travelers' "Rule 12(b)(7) Motion to Dismiss for Failure to Join an Indispensable Party" because Plaintiff's claims against it are dismissed based on Travelers' "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim."

---

[14] *Iqbal*, 556 U.S. at 678.

[15] *Id.*

[16] *Id.* at 677–78.

[17] *Id.* at 679.

[18] *Id.* at 678.

[19] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[20] Rec. Doc. 8-2 at 2.

[21] *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that The Travelers Casualty Company's "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim"[22] is **GRANTED.** Plaintiff Dominick Marchetti's claims against The Travelers Casualty Company are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that The Traveler Casualty Company's "Rule 12(b)(7) Motion to Dismiss for Nonjoinder of an Indispensable Party"[23] is **MOOT.**

**NEW ORLEANS, LOUISIANA**, this 11th day of December, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[22] Rec. Doc. 8.

[23] *Id.*